UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

---

KNOLL, INC.

               Plaintiff,

-against-

MODERNO, INC. AND URBAN MOD, INC. d/b/a
REGENCY SHOP, AND MIKE SAXENA

               Defendants.

---

No. 11 CV 0488

(Action Currently Pending in Southern District of New York)

Case: 2:12mc00816
Assigned To : Benson, Dee
Assign. Date : 8/22/2012
Description: Knoll v. Moderno et al

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Knoll, Inc is the Plaintiff in the above-entitled action pending in the United States District Court for the Southern District of New York, Case No. 11 Civ. 0488 (AKH) (the New York case). On or about August 9, 2012 Plaintiff served a subpoena from this Court (the Subpoena) to Authorize.net, who resides in this federal district. (See attached Exhibit A). Authorize.net is not a party to the New York case.

The Subpoena requires Authorize.net to disclose privileged information, seeks information that is not relevant, and seeks information that has been previously produced by Defendants. The Subpoena is overly broad and not properly limited to relevant and non-privileged information, and is thus unduly burdensome. The constitutional privacy rights of non-parties, who have not been informed of the subpoena are also infringed by the Subpoena. Therefore, Defendants seek an order from this Court quashing the Subpoena, or in the alternative, the entry of a protective order, as outlined above.

## II. STATEMENT OF FACTS

### A. BACKGROUND FACTS

Defendants are a small business and a small business owner, located in California, which sell modern furniture. Plaintiff also sells modern furniture. Plaintiff is a Delaware corporation, which has its offices in Pennsylvania. Plaintiff has registered several of its furniture designs as trademarks, and has filed a trademark infringement suit in the Southern District of New York against Defendants, the New York case. Defendants maintain that the registered trademarks over the design of the furniture are not valid trademarks. Discovery is ongoing in the New York case, and is set to conclude on August 31, 2012.

### B. SUBPOENA FACTS

The Subpoena at issue was purportedly served on third party, Professional Process and Support.. The Subpoena states that Authorize.net shall provide:

1. Documents relating to sales of Defendants' "Ibiza furniture products",

2. Communications between Defendants and Authorize.net relating to the Ibiza furniture products,

3. Documents showing sales figures of the Ibiza furniture products by Defendants,

4. Documents showing sales figures of a list of furniture identified by "Style Numbers",

5. Communications between Defendants and Authorize.net relating to the list of furniture identified by "Style Numbers".

6. Communication between Authorize.net and Defendants or Defendants' counsel regarding the New York case. (See Exhibit A).

The documents relating to sales requested in the Subpoena include the financial information and contact information of Defendants' customers. The list of furniture identified by

"Style Numbers" includes furniture items "LFS 807 W", "LFS 649 BL", "LFS 631 B", and "LFS 649 R", which items are not alleged to be infringing by Plaintiff in the New York case. (See Declaration of Mike Saxena).

C. PROTECTIVE ORDER

On May 25, 2012, the Southern District Court of New York issued a Protective Order (New York Protective Order) in the New York case. The New York Protective Order requires Plaintiff and Defendants to take precautions when handling documents designated as confidential, to limit the persons able to view the documents, and require that the documents be filed under seal with the court to maintain their confidentiality. In addition, the New York Protective Order allows non-parties to the New York Protective Order "producing information or material voluntarily or pursuant to a subpoena or a Court Order may designate material or information with the appropriate designation pursuant to the terms of this Order." (See Exhibit B, p 17).

## III. ARGUMENT

A. DEFENDANTS HAVE STANDING TO BRING THIS MOTION TO QUASH THE SUBPOENA.

Generally, a party does not have standing to quash a subpoena issued to a third party; however, where the objecting party possesses a privilege in the information sought to be disclosed, the objecting party has standing to make a motion to quash the subpoena. *Windsor v. Martindale*, 175 F.R.D. 665 (D.Colo., 1997) citing *Oliver Cannon and Son, Inc. v. Fidelity and Cas. Co. of N.Y.*, 519 F.Supp. 668 (D.Del.1981); *Estate of Ungar v. Palestinian Authority*, 332 Fed.Appx. 643 (2nd Cir., 2009), citing *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir.1975) and 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed. 2008).

Additionally, a party has standing to quash the subpoena where that party has a privacy interest in the information sought to be disclosed. *Windsor v. Martindale*, 175 F.R.D. 665 (D.Colo., 1997), citing *Broadcort Capital Corp. v. Flagler Securities, Inc.*, 149 F.R.D. 626 (D.Colo.1993) and *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D.Kan.1995). A party also has standing to quash the subpoena where that party has a personal right in the information sought to be disclosed. *Estate of Ungar v. Palestinian Authority*, 332 Fed.Appx. 643 (2nd Cir., 2009), citing *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir.1975) and 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed. 2008).

The personal right or privilege that supports a movant's standing to quash a subpoena includes privacy interests. See *Crispin v. Christian Audigier, Inc.*, 717 F.Supp.2d 965 (C.D.Cal., 2010) (Privacy interest in communication gives standing to bring motion to quash), *Malibu Media, LLC v. Does 1-25*, Slip Copy, 2012 WL 2367555 (S.D.Cal., 2012) (privacy interest in contact information gives standing to bring motion to quash), *Arias-Zeballos v. Tan*, Not Reported in F.Supp.2d, 2007 WL 210112 (S.D.N.Y., 2007) (privacy right in financial information gives standing to bring motion to quash), *Richards v. Convergys Corp.*, Not Reported in F.Supp.2d, 2007 WL 474012 (D.Utah, 2007) (privacy right to personnel records gives standing to bring motion to quash), *Schmulovich v. 1161 Rt. 9 LLC*, Not Reported in F.Supp.2d, 2007 WL 2362598 (D.N.J., 2007) (personal right to financial information gives standing to bring motion to quash).

If the movant seeking to quash a subpoena has any privacy interest, no matter how small or minimal, to have standing to challenge a subpoena. *Malibu Media, LLC v. Does 1-25*, Slip Copy, 2012 WL 2367555 at 2 (S.D.Cal., 2012) citing *Third Degree Films, Inc. v. Does 1-108*, Slip Copy, 2012 WL 669055 (D.Md., 2012).

In this case, the information the Subpoena seeks involves information subject to a privacy interest arising under the United States Constitution and the California Constitution. "Courts have recognized that individuals have certain constitutionally protected privacy rights, including 'the individual interest in avoiding disclosure of personal matters.'" *Arias-Zeballos v. Tan*, Not Reported in F.Supp.2d, 2007 WL 210112 (S.D.N.Y., 2007) (applying the United States Constitution to find privacy rights in financial information) citing *McVane v. Federal Deposit Ins. Corp.*, 44 F.3d 1127, 1136 (2d Cir.1995). The court in *Gottlieb v. Wiles*, 143 F.R.D. 235 (D.Colo., 1992) applied the privacy protections found in Article I, section 1 of the California Constitution to a subpoena in federal court seeking financial information. The information seeks Defendants' financial information, which information is subject to a privacy right arising under the United States Constitution and the California Constitution.

Defendants' also have a standing based on the privacy rights of their customers. Courts have found that protecting the rights of third parties gives rise to a privacy right that the movant may seek to protect. See *S.E.C. v. Galleon Management, LP*, 274 F.R.D. 120 (S.D.N.Y., 2011) (privacy rights of innocent third parties), *Gottlieb v. Wiles*, 143 F.R.D. 235 (D.Colo., 1992) (privacy rights of third parties without notice of the subpoena). In addition to financial information of Defendants' customers, Defendants seek to protect the contact information of Defendants' customers. The court in *Malibu Media, LLC v. Does 1-25*, Slip Copy, 2012 WL 2367555 (S.D.Cal., 2012) found that a privacy interest existed in contact information.

In addition, Defendants have a privacy right in their communications with Authorize.net. Courts have found that communication of a party support a privacy interest. See *S.E.C. v. Galleon Management, LP*, 274 F.R.D. 120 (S.D.N.Y., 2011) (privacy interest in

communications), and *Crispin v. Christian Audigier, Inc.*, 717 F.Supp.2d 965 (C.D.Cal., 2010) (Privacy interest in communication).

Because Defendants have a privacy right in their financial information, in the financial information and contact information of their customers, and in their communications, Defendants have standing to bring this motion to quash.

B. THE SUBPOENA SHOULD BE QUASHED

A court must quash a subpoena if the subpoena requires disclosure of privileged or protected material and no exception or waiver applies. Fed. R. Civ. P. 45(c)(3)(A)(i). A court: "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Under Fed. R. Civ. P. 26(b)(1), discovery is limited to relevant material. This Court should quash the Subpoena because the Subpoena requires disclosure of privileged material, the Subpoena seeks unreasonably duplicative discovery, and the Subpoena seeks irrelevant information.

1. The Subpoena violates Defendants' Privacy Interests.

A court must quash a subpoena if the subpoena requires disclosure of privileged or protected material and no exception or waiver applies. Fed. R. Civ. P. 45(c)(3)(A). A privacy right in the information sought in discovery gives rise to a privilege. See *Gottlieb v. Wiles*, 143 F.R.D. 235 (D.Colo., 1992); *Garcia v. City of Imperial*, 270 F.R.D. 566 (S.D.Cal., 2010), objections sustained in part and overruled in part by on other grounds, *Garcia v. City of Imperial*, 2010 WL 3719081 (S.D.Cal., 2010).

The right to privacy is not an absolute privilege, but must be balanced against the right the party seeking the information has to discover the information. *Dowell v. Griffin*, 275 F.R.D. 613 (S.D.Cal., 2011) citing *Cook v. Yellow Freight Sys., Inc.*, 132 F.R.D. 548, 550-551 (E.D.Cal.1990); *Artis v. Deere & Co.*, 276 F.R.D. 348 (N.D.Cal., 2011) citing *Wiegele v. Fedex Ground Package Sys.*, 2007 WL 628041, at *2 (S.D.Cal. Feb. 8, 2007); *Garcia v. City of Imperial*, 270 F.R.D. 566 (S.D.Cal., 2010), objections sustained in part and overruled in part by on other grounds, *Garcia v. City of Imperial*, 2010 WL 3719081 (S.D.Cal., 2010), citing *Cook v. Yellow Freight Sys., Inc.*, 132 F.R.D. 548, 552 (E.D.Cal.1990) and *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir.1990); *Gottlieb v. Wiles*, 143 F.R.D. 235 (D.Colo., 1992); see also *S.E.C. v. Galleon Management, LP*, 274 F.R.D. 120 (S.D.N.Y., 2011); *City of New York v. Bob Moates' Sport Shop, Inc.*, 252 F.R.D. 133 (E.D.N.Y., 2008).

a. Privacy rights of Defendants' financial information and communications

The Subpoena seeks documents showing sales of furniture by Defendants, communications regarding that furniture between Defendants and Authorize.net, and communications regarding the New York case between Defendants and Authorize.net. The Defendants have a privacy right in the financial information Plaintiff seeks to discover. Defendants have already disclosed the vast majority of the sales made by Defendants of the relevant furniture at issue in the New York case. Only a small fraction of sales remain unreported, and Defendants have provided complete purchase documents to Plaintiff showing all the purchases Defendants made of the furniture at issue in the New York case. (See Declaration of Mike Saxena). Thus, Plaintiff's need for discovery is small. Defendants have a strong privacy interest in keeping their financial information confidential. Thus, the Court should quash the Subpoena as to Plaintiff's request for sales of the furniture items, or in the alternative, issue a

protective order requiring Plaintiff to follow the New York Protective order in designating documents produced as confidential.

In addition, Defendants have a privacy right in the communications between Defendants and Authorize.net. Defendants have already produced to Plaintiff all communications between Defendants and Authorize.net regarding the New York case, and obtaining sales documents regarding the furniture from Authorize.net, aside from communication regarding this subpoena. (See Declaration of Mike Saxena). Communication between Defendants' counsel and Authorize.net regarding a response to the Subpoena is subject to the attorney client privilege. See *In re PACIFIC PICTURES CORPORATION*, 679 F.3d 1121, 1129, 12 Cal. Daily Op. Serv. 5179, 2012 Daily Journal D.A.R. 6177 (9th Cir., 2012). No communication took place between Defendants and Authorize.net regarding the furniture at issue in the New York case. Because Defendants have already produced the communication between Authorize.net and Defendants, the Court should quash the Subpoena as to Plaintiff's request for communication between Defendants and Authorize.net.

b. Privacy rights of Defendants' customers' financial information and contact information

The privacy rights of Defendants' customers receive a higher level of protection that the privacy rights of Defendants'. In *S.E.C. v. Galleon Management, LP*, 274 F.R.D. 120 (S.D.N.Y., 2011), the court found that the identities of innocent third parties, and private information about those innocent third parties should be designated as confidential to protect the privacy interests of those third parties. In *Gottlieb v. Wiles*, 143 F.R.D. 235 (D.Colo., 1992) the court ruled that financial information of non-party individuals who had received no notice of the subpoena was not discoverable after ruling that the financial information of parties was discoverable. Defendants have a strong privacy right in protecting their customers' financial and contact


information. Thus, the Court should issue a protective order requiring Authorize.net to redact any financial or contact information of Defendants customers from any documents or things produced to Plaintiff under the Subpoena, and any such discloser of documents and things shall be subject to the New York Protective Order.

2. The Subpoena asks for information already disclosed.

A court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

As discussed above, Defendants have already produced to Plaintiff all communications between Defendants and Authorize.net regarding the New York case, and obtaining sales documents regarding the furniture from Authorize.net. Plaintiff's request for the communications between Defendants and Authorize.net is thus unreasonably duplicative, as Plaintiff has all documents showing communication between Defendants and Authorize.net regarding the New York case, and obtaining sales documents regarding the furniture from Authorize.net. The Court should quash the Subpoena as to Plaintiff's request for communications between Authorize.net and Plaintiff as unreasonably duplicative.

3. The Subpoena is overbroad.

The Subpoena, items 9 and 10 of Schedule A, asks for information related to "LFS 807 W", "LFS 649 BL", "LFS 631 B", and "LFS 649 R". (See Exhibit A). These items are not relevant to the New York case. These items are not furniture items at issue in that litigation. (See Declaration of Mike Saxena). Fed. R. Civ. P. 26(b)(1) provides only that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

defense." Because the information is not relevant, it does not fall within the scope of Rule 26. "The requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied." *Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635 (1979). "The scope of discovery, under the Federal Rules of Civil Procedure, is broad. However, those rules make clear that discovery is limited to any matter, not privileged, which is relevant to the claim or defense of any party in the action or appears reasonably calculated to lead to the discovery of admissible evidence." *Arias-Zeballos v. Tan*, Not Reported in F.Supp.2d, 2007 WL 210112 (S.D.N.Y., 2007). Because the information related to "LFS 807 W", "LFS 649 BL", "LFS 631 B", and "LFS 649 R" is not relevant to the New York case, and will not lead to relevant material, the Court should order Plaintiff to modify the Subpoena to exclude the items.

## IV. CONCLUSION

The Court should quash the Subpoena because the Subpoena requires disclosure of privileged material, the Subpoena seeks unreasonably duplicative discovery, and the Subpoena seeks irrelevant information. Alternatively, the Court should issue a protective order requiring that any documents, things or information disclosed under the Subpoena be held confidential under the New York Protective Order, and that requiring Authorize.net to redact any financial or contact information of Defendants customers from any documents or things produced to Plaintiff under the Subpoena, and any such discloser of documents and things shall be subject to the New York Protective Order.

Dated: August 21, 2012

Respectfully submitted,

_____
Wesley M. Lang
Alan J. Howarth

CLAYTON, HOWARTH & CANNON, P.C.
P.O. Box 1909
Sandy, Utah 84091-1909
Telephone: (801) 255-5335
Facsimile: (801) 255-5338
Attorneys for Defendant